IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bennie Jackson, </br></br> Plaintiff, </br></br> vs. </br></br> Spartanburg County Detention Center; Spartanburg County Sheriff's Office; Sheriff Chuck F. Wright; Deputy M. Plummer; Deputy D. Bryant; Deputy T. Keeling; Deputy C. Cantrell; Deputy B. Letterman; Deputy J. Guest; SCSO Narcotics Inv. Nathan Rapp; Deputy J. Burrett; Deputy S. Peters; Deputy K. Hammett; Deputy S. Nix; and Deputy J. Ruve, </br></br> Defendants. | Case No.: 5:23-cv-476-JD-KDW </br></br></br></br> **ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 66.)  Plaintiff Bennie Jackson ("Plaintiff" or "Jackson"), proceeding *pro se* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983, alleging Defendants Spartanburg County Detention Center ("SDC"); Spartanburg County Sheriff's Office; Sheriff Chuck F. Wright; Deputy M. Plummer; Deputy D. Bryant; Deputy T. Keeling; Deputy C. Cantrell; Deputy B. Letterman; Deputy J. Guest; SCSO Narcotics Inv. Nathan Rapp; Deputy J. Burrett; Deputy S. Peters; Deputy K. Hammett; Deputy S. Nix; and Deputy J. Ruve (collectively "Defendants") violated his rights afforded under the First,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

Fourth, Fifth, Eighth, and Fourteenth Amendments on or about July 7, 2022, while he was both at his home and when he arrived at SDC.[2] (DE 1.)

On November 2, 2023, Defendants filed a Motion for Summary Judgment alleging Plaintiff has failed to set forth any facts that entitle him to relief. (DE 58.) Plaintiff filed a Response on January 11, 2024. (DE 64.) Plaintiff's response, in which he asks this Court to deny summary judgment, focuses on his unlawful seizure claim and bases his entire argument on the fact that the inventory sheet provided by Defendants noting what they removed from his residence, "proves" there was an unlawful seizure. (*Id.* at 1.)

The Report was issued on May 30, 2024, recommending Defendants' Motion for Summary Judgment (DE 58) be granted. Plaintiff did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 66) and incorporates it here by reference.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment is granted.

---

[2] Plaintiff generally alleges Defendants placed handcuffs on him too tightly, conspired to steal his money and valuables from his safe, prevented him from speaking to hospital staff without feeling threatened, prevented him from practicing Islam, neglected to feed pretrial detainees the mandatory 2300 calories per meal, housed him in a room too small for the number of inmates therein, and denied him phone calls and visits from family and access to legal materials. (DE 14.)

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 5, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.